UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80159-Civ-HOPKINS

PHILIP BARASH, as preliminary
executor of the Estate of CELIA
KATES,

        Plaintiff,

v

GLORIA KATES, a/k/a GLORIA
HABERMAN,

        Defendant.
_____/

## OMNIBUS ORDER DENYING PHILIP BARASH'S MOTIONS TO VACATE, VACATING PREVIOUS ORDER OF STAY, AND SETTING BRIEFING SCHEDULE (DEs 97, 99, 103)

**THIS CAUSE** comes before the Court *sua sponte*.

On March 8, 2007, this Court entered a Stay in this matter in light of Barash's filing a petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York. (DE 99). After Barash's petition for discharge was denied and the case was closed, this Court ordered the parties to show cause why the stay should not be lifted in this matter so that the Court could proceed to determine the amount of sanctions to impose upon Barash. (DE 100). All responses have been filed, and Philip Barash ("Barash") has filed two Motions to Vacate. (DEs 97, 101, 103, 106).

As to Barash's Motions to Vacate, Barash's second Motion to Vacate merely reargues the facts without any legal support. (DE 97). Moreover, the caselaw relied upon by Barash in his first Motion is inapposite to the instant case because none of the cases cited by Barash are

factually analogous or concern the imposition of sanctions under the inherent authority of the court based upon a finding of bad faith, as discussed in *Chambers v. NASCO*, 501 U.S. 32 (1991), *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001), or their progeny. As such, Barash's Motions to Vacate are **DENIED**. (DEs 97, 103).

Defendant Gloria Kates ("Kates") urges this Court to lift the stay and proceed to determine the amount of sanctions to impose because Barash's bankruptcy case has been dismissed. (DE 106, pg. 2). Barash has provided no argument as to why the stay should not be lifted. (DEs 97, 103, 105). In light of the foregoing, **IT IS HEREBY ORDERED THAT** this Court's previous Order Staying Proceedings is **VACATED**, and the stay lifted. (DE 99).

Kates has also asked the Court to proceed with consideration of the amount of sanctions based upon a previously filed declaration of defense counsel Julie S. Ferguson. (DEs 70, 106). Barash has not expressed any view as to whether a hearing is required to determine the amount of sanction to impose. (DE 101).

Because this Court has already conducted a hearing and allowed extensive briefing on the issue of whether Barash should be sanctioned, the Court concludes that a hearing as to the amount of sanction to impose is not required. *See Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1522 (11th Cir. 1986) (holding that *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980), does not require an evidentiary hearing on the amount and scope of fees to be imposed as a sanction pursuant to the court's inherent authority where the court provided the parties with the opportunity to (1) present argument as to the propriety and type of sanctions to be imposed; (2) submit affidavits as to the amount of fees and costs to be imposed; and, (3) challenge the affidavits); *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1335 (11th Cir. 1992) (holding

that the court did not abuse its discretion by failing to hold evidentiary hearing to determine the amount of Rule 11 sanctions to be imposed where (1) the sanctioned party did not request a hearing; and, (2) the sanctioned party did not contest affidavits showing detailed information as to the amount and type of legal services provided by counsel).

In its Motion for Sanctions, Kates moves the Court for sanctions in the form of attorneys's fees and costs, and states that Kates incurred more than four hundred thousand dollars ($400,000.00) in attorney's fees and costs in various actions brought by Barash and/or his wife, and more than eighty-three thousand dollars ($83,000.00) in attorney's fees and costs in defending this action. (DE 69, pg. 11). However, as it presently stands, the record does not contain any evidence to support an award of attorney's fees or costs herein. In light of the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.) On or before **APRIL 2, 2008**, Kates shall file all materials required for a determination of the amount of sanctions to be imposed.

*See* S.D. Fla. L.R. 7.3 (2007) (providing requirements for motions for attorney's fees and costs); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1999) ("The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates . . . As indicated earlier, fee counsel bears the burden in the first instance of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries

by the nature of the activity or stage of the case.") (*citing Hensley v. Eckerhart*, 461 U.S. 424, 437, n.12 (1983)).

2.) On or before **APRIL 16, 2008,** Barash shall file any specific objections to the materials submitted by Kates, as well as any materials relevant to his financial status and ability to pay any sanction imposed.

*See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (stating that fee opponents are required to be specific and "reasonably precise" with respect to any objections they may have); *Norman*, 836 F.2d at 1301 (stating, "[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."); *Scelta v. Delicatessan Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (stating, "[a] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.") (*citing Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332 (11th Cir. 2002) ("... when exercising its discretion to sanction under its inherent power, a court must take into consideration the financial circumstances of the party being sanctioned.") (*citations omitted*).

**DONE AND ORDERED** in Chambers this 19 day of March, 2008, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*
James M. Hopkins
United States Magistrate Judge

cc: Philip Barash, *pro se*
    Counsel for Defendant